IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROBERT PLEASANT                                                                    PLAINTIFF

V.                               NO. 4:21-CV-01211-JTK

SOCIAL SECURITY ADMINISRATION                                          DEFENDANT

## ORDER

**I.   Introduction:**

Plaintiff, Robert Pleasant ("Pleasant"), applied for disability benefits on January 18, 2019. (Tr. at 12-26). On February 18, 2019, he applied for supplemental security income. *Id.* In the applications, Pleasant alleged disability beginning on August 16, 2018. *Id*. The claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Pleasant's applications. *Id*. The Appeals Council denied his request for review. (Tr. at 1-4). The ALJ's decision now stands as the final decision of the Commissioner, and Pleasant has requested judicial review.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

**II.   The Commissioner's Decision:**

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

The ALJ found that Pleasant had not engaged in substantial gainful activity since the alleged onset date of August 16, 2018.[2] (Tr. at 15). At Step Two, the ALJ found that Pleasant had the following severe impairments: degenerative disc disease, anxiety disorder, depressive disorder, agoraphobia, foot spur, sciatica, diabetes mellitus with peripheral neuropathy, hypertension, and obesity. *Id*.

At Step Three, the ALJ determined that Pleasant's impairments did not meet or equal a listed impairment. (Tr. at 15-16). Before proceeding to Step Four, the ALJ determined that Pleasant had the residual functional capacity ("RFC") to perform work at the light exertional level, with some additional limitations: (1) he can sit for 2 hours at a time and stand/walk for 2 hours at a time; (2) he can occasionally stoop and climb ramps/stairs; (3) he can never crouch, kneel, or crawl; (4) he has an inability to feel texture; (5) he cannot interact with the general public; (6) he can only occasionally interact with supervisors and coworkers; (7) he cannot work in an environment with crowds of more than 10 people in the immediate workspace; (8) he cannot perform commercial driving; and 9) he cannot perform work at heights,

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

on ladders, or around hazardous machinery. (Tr. 16).

At Step Four, the ALJ determined that Pleasant is unable to perform any of his past relevant work. (Tr. at 21). Relying upon testimony from a Vocational Expert ("VE"), the ALJ found, based on Pleasant's age, education, work experience and RFC, that he could perform work in the national economy. (Tr. at 23). Therefore, the ALJ concluded that Pleasant was not disabled. *Id.*

### III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Pleasant's Arguments on Appeal

Pleasant contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He argues that the ALJ did not properly evaluate the medical opinions, that the ALJ did not fully develop the record, and that the ALJ omitted important parts of the record from his discussion.[3]

---

[3] Pleasant's attorney also makes wide-ranging arguments about the applicability and fairness of the benefits review process by the Administration. The Court finds these broad arguments are without merit, noting that the regulations governing the benefits adjudication process are well within the agency's exceptionally broad rulemaking authority under the Social Security Act, and Harrell has likewise not showed a particularized injury caused by any alleged constitutional defects. 42 U.S.C. § 405(g); see *Heckler v. Campbell*, 461 U.S. 458, 466 (1983); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987*); Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984); *Jordan v. Comm'r. of SSA*, CASE NO. 4:21-CV-00359-JM-ERE, 2022 U.S. Dist. LEXIS 98851 *16 (E.D. Ark. June 2, 2022) (Plaintiff's "arguments rely on broad, generalized grievances with the [administrative] process as a whole, and she has not identified any particularized injury or causal relationship between the injury and the challenged conduct, nor can she show a likelihood that the purported injury would be redressed by a favorable

Before engaging in the substantive discussion, the Court will point out that while Defendant submitted a substantial brief, there were almost no citations to the medical record in the brief. The Court advises both parties that, because these cases engage in a review of how an administrative officer evaluated medical evidence, the briefs should contain citations to the medical record.

Pleasant suffered chronic pain in his neck and back, that radiated to his lower extremities. (Tr. at 522-537). Objective imaging showed degenerative disc disease. (Tr. at 429-430). Pleasant treated with a chiropractor and a pain management specialist. (Tr. at 496-499, 601). He had steroid injections and nerve blocks, and he took strong narcotics. (Tr. at 522-532). The record contains multiple references to the fact that Pleasant failed conservative treatment modalities, and that even chiropractic treatment made his pain worse. (Tr. at 457, 522, 601). He told his providers that his pain was constant, it radiated, and that physical activity aggravated his condition. (Tr. at 531-537, 597). He walked with a cane. (Tr. at 578-582). Pleasant's treating APRN opined that he could not perform even sedentary work, and that pain medications caused sedation and decreased mental clarity. *Id*.

The ALJ failed to address all of this medical evidence. He wrote that "positive clinical findings have been largely limited to stiffness and tenderness in the decision.")

paraspinal muscles". (Tr. at 21). But the ALJ did not even mention the following objective test results from June 14, 2019, which were all positive for pain: Maximum Cervical Compression, Shoulder Depression Test, Kemp's Test, Lasegue's Test, Bragard's Sign, and bilateral straight leg raise. (Tr. at 596-597). The ALJ also wrote in the same paragraph in his decision that Pleasant had normal range of motion in his back. However, ROM was decreased in the lumbar spine at the June 14 visit. (Tr. at 596-597). And the doctor noted severe pain and discomfort at L4. *Id*. The provider observed that Pleasant had a decreased ability to perform activities of daily living. *Id*. Still, the ALJ said that the evidence was inconsistent with Pleasant's need to use a cane. (Tr. at 21).

An ALJ may not draw his own inferences from medical reports. Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000). He must "show his work," in order for the Courts to conduct a meaningful review of his decision. *Smajic v. Berryhill*, 2019 U.S. Dist. LEXIS 6240 at *11-12 (E.D. Mo. Jan. 14, 2019). Because the ALJ omitted several important parts of the record, which parts indicated that Pleasant was physically limited, the RFC determination is called into question.[4] Reversal is warranted.

---

[4] See *Delph v. Astrue*, 538 F.3d 940, 947 (8th Cir. 2008) (where a claimant had degenerative disc disease, positive straight-leg raise, muscle spasms, and walked with a cane, the ALJ properly determined that he could not even perform sedentary work).

## IV. <u>Conclusion</u>:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ omitted from his discussion several important parts of the medical record. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 17th day of March 2023.

_____
UNITED STATES MAGISTRATE JUDGE